UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY WALKER,

    Plaintiff,

v.

CHIEF ADAMS, et al.,

    Defendants.

Case No. 24-cv-03314 EJD (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a civil detainee at the San Francisco County Jail ("Jail"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at the Jail. Dkt. No. 1. On May 13, 2025, the Court screened the amended complaint, Dkt. No. 20, and granted leave to file a second amended complaint to correct the deficiencies of several claims within twenty-eight days. Dkt. No. 32. Plaintiff was advised that failure to respond would result in the dismissal with prejudice of the deficient claims, and that the action would proceed on the cognizable excessive force claim against Defendants Ly, Yuzon, and Tiu. Id. at 8. Plaintiff has filed no response in the time provided. Accordingly, this action shall proceed as stated above.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff is a civil detainee under California's Sexually Violent Predator Act ("SVPA"). Dkt. No. 20 ¶ 1. Plaintiff alleges that on May 2, 2024, Chief Adams ordered Plaintiff to be transferred to San Bruno, to be housed with criminal detainees in the restrictive housing section. Id. ¶ 61. Plaintiff was asleep in C-pod, when Deputies Ly, Yuzon, and Tiu, along with John Does 1-6, entered his cell and used excessive force, which included hits and kicks. Id. ¶¶ 62-63, 66. Plaintiff was then shackled with waist chains on hands and feet, yanked up, placed in a wheelchair and then into a van for transfer to San Bruno. Id. ¶ 68.

Plaintiff's allegation that Defendants Deputies Ly, Yuzon, and Tiu used excessive force, liberally construed, states a cognizable claim under the Fourteenth Amendment, rather than the Eighth Amendment, because he is a civil detainee. See, e.g., Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment). The claim can also proceed against Defendants John Does 1-6 if Plaintiff can identify them through discovery. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

As discussed in the Court's screening order, the claims involving retaliation and deliberate indifference to medical needs as well as his allegations against Defendants Sheriff Miyamoto, Mary Doe and the City and County of San Francisco were insufficient to state a cognizable claim. Dkt. No. 32 at 2-7. Plaintiff has made no attempt to correct

these deficiencies although given an opportunity to do so. Accordingly, these claims shall be DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action is proceeding on the excessive force claim against Defendants Deputy Ly, Deputy Yuzon, and Deputy Tiu. All other claims are **DISMISSED with prejudice** for failure to state a cognizable claim.

The Clerk shall terminate all other defendants from this action as there are no claims against them.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto, (Dkt. No. 20), and a copy of this order upon Defendants Deputy Ly, Deputy Yuzon (#2358), Deputy Tiu via the **Office of Chief Legal Counsel for Sheriff's Dept**. (Sheriff's Dept., Room 456, One Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, Attn. Mark Nicco). The Clerk shall also mail a copy of this order to Plaintiff.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

3

warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. While conducting discovery, Plaintiff is directed to attempt to ascertain the name of John Doe Defendants, and file a motion to substitute the amended complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed.  Failure to do so will result in the dismissal of the claims against these John Doe

4

1  Defendants for failure to state a claim for relief.

2      10.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    11.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: June 25, 2025

_____
EDWARD J. DAVILA
United States District Judge